UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                        :

IN RE SEPTEMBER 11, 2001 LITIGATION     :     21 MC 97 (AKH)

                                          :     This document relates to:

                                          :     *Falkenberg v. AMR Corp. et al.*
                                          :     02 CV 7145 (AKH)

                                          :

                                          :     *Teague v. AMR Corp. et al.*
                                          :     03 CV 6800 (AKH)
-------------------------------------------------------------x

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF *SUA SPONTE* DISMISSAL OF NON-WARSAW CLAIMS AND DEFENDANTS

On July 30, 2007, this Court issued a partial summary judgment opinion in the above-captioned cases. While neither briefed nor requested by Plaintiffs or Defendants, the Court dismissed all non-Warsaw claims *sua sponte*, reasoning that the Plaintiffs' sole remedy for recovery is through the Warsaw Convention. The Court did kindly provide Plaintiffs leave to file, before August 10, 2007, a supplemental reply to support non-Warsaw claims made against other Defendants. In this reply, the Plaintiffs respectfully posit that while the Warsaw Convention is the Plaintiffs' sole remedy against the *actual* carrier, in this case American Airlines, the law is very clear that Plaintiffs may simultaneously maintain non-Warsaw actions against the other Defendants, including security companies, airport authorities, aircraft manufacturers, and air carriers other than the actual carrier on which the injury occurred. This conclusion is supported by the text and interpretation of the Warsaw Convention, as well as case law in this and other circuits.

The cases referred to at pages 14-15 of the Court's Order are decisions inapposite to the Defendants other than American Airlines, the actual carrier. The defendants in those cases cited were dismissed because they were either 1) actual carriers facing non-Warsaw claims, or 2) successive carriers under Article 30 of the Warsaw Convention against whom additional claims are expressly barred.

Finally, though Warsaw Convention is equally in force for an actual carrier's agents and employees, none of the dismissed Defendants acted as agents or employees of American Airlines. American Airlines denies in its answers that the other Defendants were agents or employees of American, and American's contract with Argenbright specified that Argenbright was not an agent or employee of American Airlines. Thus, the non-Warsaw claims against these entities were improvidently dismissed.

## I. THE WARSAW CONVENTION APPLIES ONLY TO THE RELATIONSHIP BETWEEN THE PASSENGER AND THE *ACTUAL* CARRIER

As the Court properly notes in the previous order, "Article 17 of the Warsaw Convention makes air carriers presumptively liable for injuries to passengers." (D.E. 1168, p. 3) However, the Warsaw Convention, by its express terms, applies only to transportation by aircraft performed by an air transportation enterprise. Warsaw Convention, Art. 1(1). Hence, "Warsaw does not regulate the liability of aircraft manufacturers, [or] of the airport authorities . . . ." Dempsey & Milde, International Air Carrier Liability: The Montreal Convention of 1999, 71-72 (2005). See also, Aviation Accident Law §10.04[2][d] (Lee S. Kreindler, ed., 2004)("Although it is unclear how far courts will extend the protection of the Convention to agents performing duties in support of the contract of carriage, there is no question that the Convention does not limit the liability of airports, manufacturers, and air traffic.")

In fact, when the Warsaw Convention was modified by the IATA agreements to include the reversed burden of proof and increased limits of liability discussed in the Court's previous order, one commentator predicted the likely effect of these changes as follows.

> **Third parties, whose fault may have contributed to the accident, will no longer be target defendants because plaintiffs will be able to recover full compensatory damages from the carrier.** If the plaintiff can recover full compensatory damages against the carrier in a case governed by the Warsaw Convention, **they will have no incentive in pursuing expensive litigation against the manufacturer of the aircraft or the U.S. government . . . . Plaintiffs will likely sue carriers and manufacturers in separate jurisdictions** and utilize stays . . . while they pursue promptly their unlimited Warsaw/IATA remedy against the carrier.

Desmond T. Barry, Unlimited Liability: The New Ballgame in International Transportation By Air, 64 Def. Couns. J. 381, 384(1997)(emphasis added). Of course, such remarks presuppose the vitality of simultaneous recovery by plaintiffs in both Warsaw actions against the actual carrier, and non-Warsaw claims against third parties. Thus, Warsaw does not apply to third parties who contribute to the plaintiff's injuries, including security companies not under the exclusive control of the actual carrier. See Dazo v. Globe Security Services, 295 F. 3d 934 (9th Cir. 2002).

The Supreme Court recognizes that because the Warsaw Convention applies *only* to claims against carriers, it does not and cannot limit the liability of aircraft manufacturers, airports and security companies. See El Al Isr. Airlines v. Tseng, 522 U.S. 155, 171-172 (1999)("the convention address and concerns, only and exclusively, *the airline's* liability for passenger injuries occurring 'on board the aircraft or in the course of any of the operations of embarking or disembarking.'")(emphasis added).

It is precisely because the Warsaw Convention only governs claims brought by passengers against actual carriers that Judge Block recently ruled that the Warsaw Convention does *not* bar aircraft manufacturer claims in international aviation accident cases, because "[t]he

- 3 -

identity of the parties is central to the Convention. The express purpose of the Convention was to regulate litigation between passengers and carriers. . . . The Convention is silent as to contribution and indemnification claims between manufacturers and carriers, and, indeed, as to manufacturers generally." In re Air Crash Nantucket Island, 340 F. Supp.2d 240, 243-244 (E.D.N.Y. 2004). Indeed, after noting that *none* of the parties contend that the liability limitations of the Convention apply to the passenger claims against the manufacturers, Judge Block held that the Warsaw Convention does not prevent "the passengers [from] be[ing] entitled to the same recovery from the manufacturers regardless of whether the manufacturers are successful in obtaining contribution and/or indemnity from EgyptAir." Id. at 244.

Likewise Judge Sweet in In re Crash At Belle Harbor, New York, 2003 WL 21032034 (S.D.N.Y. May 5, 2003), a Warsaw Convention case, held that the exercise of supplemental jurisdiction over non-Warsaw claims against an aircraft manufacturer was appropriate. Id. at *6. After noting that "Plaintiffs are correct that Article 17 refers specifically to 'carriers' and does not make reference to manufacturers of aircrafts," the Court upheld the non-Warsaw claims against manufacturer Airbus because "[t]his is clearly a circumstance in which supplemental jurisdiction is appropriate. The claims against Airbus arose out of the very same facts that the cases against American Airlines and Baker arise of, and judicial economy favors exercising supplemental jurisdiction." Id. at **5-6. So after holding that defendant American Airlines' alleged willful misconduct did not remove the action *against the carrier* from the scope of Warsaw Convention, id. at **3-4, Judge Sweet still ruled that the claims against the aircraft manufacturer could stand.

## II. ARTICLE 30 OF THE WARSAW CONVENTION IS INAPPLICABLE TO THIS MATTER

The Court correctly states that Article 30(2) of the Warsaw Convention dictates that in certain circumstances, a plaintiff's recovery may only be obtained against the carrier who actually performed the transportation. (D.E. 1168, p. 15) However, Article 30(1) makes clear that the restrictions expressed in the Article 30(2) only apply when a plaintiff attempts to recover from two air carriers that provide successive transportation. When this is the case, as is common in code-sharing between airlines, only the carrier that actually provides the transportation is liable to the plaintiff, and the recovery is available only from the actual carrier.[1]

It is the contractual status between passenger and carrier that triggers Warsaw's benefits and burdens. The Court points to Shirobokova v. CSA Czech Airlines, Inc., 376 F. Supp. 2d 439 (S.D.N.Y. 2005), for the proposition that *only the actual carrier* may be held liable for injuries sustained in international travel. While this assertion is true in some specifically delineated circumstances, this interpretation sweeps too broadly. A more precise statement is that when the Warsaw Treaty applies, *only Warsaw claims* may be maintained against an actual carrier.

In Shirobokova, the plaintiff was placed on a code-sharing trip during which Delta performed part of the travel and CSA performed part of the travel. The plaintiff was injured during the portion of the trip when CSA was the actual carrier. The plaintiff filed both state law and Warsaw claims against CSA and Delta. Judge Stein correctly held that Warsaw provides the exclusive remedy against CSA because a plaintiff may not simultaneously pursue both non-Warsaw and Warsaw claims against an actual carrier. If Warsaw applies to the actual carrier,

---

[1] It is worth noting that the Montreal Convention, successor treaty to Warsaw, permits recovery from either carrier, jointly and severally.

Warsaw provides the exclusive remedy against the actual carrier.  See El Al v. Tseng, 522 U.S. 155.

The plaintiff also brought claims against Delta for the same accident.  Article 30 of the Warsaw Convention provides special rules for the peculiar nature of carriage by successive carriers.  Judge Stein dismissed claims against Delta under the clear language of Article 30(2), which is unambiguous when read in its entirety.  *"In the case of carriage of this nature* (that is, carriage by successive carriers) the passenger or his representative can take action only against the carrier who performed the carriage during which the accident or delay occurred. . . . ."  (emphasis and clarification added).  The introductory clause of Article 30(2), highlighted above, limits its applicability to the successive carrier scenario.

As demonstrated above, a plaintiff may sustain a non-Warsaw claim against a manufacturer, security company, or airport authority, in addition to Warsaw recovery against the actual carrier.  Neither Plaintiffs nor Defendants contend that any of the Defendants are successive carriers.  In the instant matter the passengers were eventually bound for Australia on Qantas, after connecting with American Flight 77 in Los Angeles. Thus, had these passengers lived, the successive carrier would have been Qantas Airlines, certainly not the Defendants named here. These Defendants are merely third party entities against which Plaintiffs have pleaded well-founded non-Warsaw claims.  These Defendants do not qualify for the protections as successive carriers under Article 30 of Warsaw.  Thus, because Shirobokova involved successive transport by different carriers, it is not controlling in this matter.[2]  Therefore, by its

---

[2] The Plaintiffs offer the following to illustrate the concept. Assume that a passenger in international flight is killed in a mid-air collision. Assume further that the carrier A, transporting the passenger, is blameless for the collision; the accident is caused by the negligence of the carrier B operating the other aircraft. Under Warsaw, Carrier A, who provided the plaintiff's transportation would be strictly liable for 100,000 SDRs, but may be able to prove the "all necessary measures" defense to escape liability above that amount. Nonetheless, the plaintiff may recover in a common law action against carrier B. Note that because carrier B was not the operating carrier, it cannot invoke Warsaw restrictions; these restrictions are reserved for the relationship between the passenger and the actual carrier.

express terms, Warsaw's preemption of state law claims is applicable only to actual or successive carriers, not to valid, third party, non-Warsaw defendants.

### III.   NONE OF THE DISMISSED DEFENDANTS ARE AGENTS OR EMPLOYEES OF THE ACTUAL CARRIER

As noted above, Warsaw's terms apply only to actions brought by injured travelers against actual carriers.   However, as a corollary proposition, the courts of this Circuit have concluded that agents and employees of the actual carrier stand in the shoes of the actual carrier and thus fall under the ambit of Warsaw.   Waxman v. C.I.S. Mexicana de Aviacion, 13 F. Supp. 2d 508, 513 (S.D.N.Y. 1998).   Thus, a plaintiff may not avoid the strictures of Warsaw by bringing individual claims against an actual carrier's employees or agents.

Therefore, Warsaw's protections are sometimes afforded to dedicated agents of actual carriers, that is, companies that are wholly owned subsidiaries of actual carriers.   See, e.g. In Re Air Disaster at Lockerbie Scotland, 776 F. Supp. 710 (E.D.N.Y. 1991).   However, no cases have extended these protections to companies that are dual agents, that is, agents of more than one airline, including the actual carrier.   Dazo v. Globe Security Services, 295 F. 3d 934, 939 (9th Cir. 2002).   In Dazo, a security company acting as a common agent of several airlines was rebuffed in an attempt to invoke the Warsaw limits of liability.   The court reasoned that Warsaw did not apply because the security services were not rendered in furtherance of a contract of carriage,   but rather, their services involved "basic airport security services required at all airports by domestic federal law, regardless of the flight's destination and regardless of whether the person being screened was, in fact, a passenger." Id. at 938-39.

---

Neither was carrier B a successive carrier, thus Article 30 is inapplicable.  Plaintiff's valid Warsaw claim against carrier A does not preempt an equally valid non-Warsaw claim against carrier B.  The mere fact that B is also a carrier is immaterial, because B was not the passenger's actual carrier.

There is no indication that the Court based dismissal of Defendants on the existence of the shield of agency or employment. However, in an abundance of caution, it is important to note that there is no allegation that the non-Warsaw airline defendants are agents or employees of American Airlines. Similarly, neither Boeing nor the Metropolitan Washington Airport Authority is alleged to be employed by or an agent of American. The contract between Argenbright and American specifies that Argenbright is an independent contractor, and not in any case an employee of American. (See AAL00434-00435, Ex. 1, filed separately under seal)

In fact, American's Master Answer to the Plaintiffs' complaint contains a general denial of any connection, agency, employee or otherwise, between American and any of the dismissed Defendants. (American Answer, ¶ 10). Thus, not only is there nothing in the record to indicate that any of the dismissed non-Warsaw defendants may avail themselves of the "employee or agent" Warsaw defenses; American Airlines itself has averred that these relationships do not exist in its Answer filed in this Court and in its contract produced in discovery in this litigation.

## IV. COMPUTATION OF INTEREST

The Court's Opinion and Order declined to rule on the availability, amount or effective date of any interest to be awarded in conjunction with the Court's partial judgment award of the United States dollar equivalent of 100,000 SDRs to each Plaintiff. (D.E. 1168, p. 7) It is the Plaintiffs understanding that the Court is holding the decision on interest in abeyance until the entire judgment is rendered. If this is not the case, the Plaintiffs respectfully request leave to brief and argue issues related to interest computation before the Court enters final judgment in this action.

## V. VALUATION OF SPECIAL DRAWING RIGHTS IN UNITED STATES DOLLARS

In compliance with the Court's Opinion and Order of July 30, 2007, the Plaintiffs and Defendants have conferred to determine the value in United States dollars of 100,000 Special Drawing Rights (SDRs). (D.E. 1168, p. 16)  The Plaintiffs and Defendants stipulate that this value is $153,078, based on the International Monetary Fund currency rates on July 30, 2007. (See Ex. 2)

## VI. SUMMARY

The cloak of Warsaw's protections and prohibitions extend only to an actual carrier, along with the actual carrier's agents and employees.  Thus, while the Warsaw Convention acts to preempt certain causes of action, Warsaw protocols apply **only** to the actual carrier, not to other carriers and third parties.  The Plaintiffs made prima facie valid claims against all the non-Warsaw Defendants that were dismissed *sua sponte* by this Court.  None of these entities were actual carriers, and thus none of these entities are entitled to the benefits or the burdens of the Warsaw Convention.

Because Plaintiffs have put forth a prima facie case against the non-Warsaw Defendants in their complaint, and because Warsaw only preempts non-Warsaw claims against actual carriers, *sua sponte* dismissal of these non-Warsaw Defendants as a matter of law is unseasonable. Thus, summary judgment against these Defendants should not issue, as there still exists genuine issues of material fact.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).

Wherefore, Plaintiffs respectfully request this Court issue a supplemental opinion and/or order as necessary to amend the Order of July 30, 2007, and that the Honorable Court's dismissal against non-Warsaw Defendants be set aside.

Dated:  August 10, 2007                    Respectfully submitted,

                                           **MOTLEY RICE LLC**


                              **By:**     _s/Mary Schiavo_____
                                          Ronald L. Motley, Esquire
                                          Joseph F. Rice, Esquire
                                          Jodi Westbrook Flowers, Esquire
                                          Don Migliori, Esquire
                                          Mary Schiavo, Esquire
                                          Michael E. Elsner, Esquire (ME-8337)
                                          Elizabeth Smith, Esquire
                                          Justin Kaplan, Esquire
                                          Vincent I. Parrett, Esquire (VP-5092)
                                          Motley Rice LLC
                                          28 Bridgeside Boulevard
                                          Post Office Box 1792
                                          Mount Pleasant, SC 29465
                                          Telephone:  (843) 216-9000

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August 2007, a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR RECONSIDERATION OF *SUA SPONTE* DISMISSAL OF NON-WARSAW CLAIMS AND DEFENDANTS** was served upon:

1. Desmond T. Barry – Aviation Defendants' Liaison Counsel;
2. Marc S. Moller – Wrongful Death and Personal Injury Plaintiffs' Counsel;
3. Robert Clifford and Timothy S. Tomasik – Damage and Business Loss Plaintiffs' Counsel;
4. Richard Williamson -- Ground Defendants' Liaison Counsel;
5. Beth Jacob – WTC 7 Ground Defendants' Liaison Counsel;
6. Beth Goldman – U.S. Attorneys' Office;


by emailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

_LeAnn C. Lester_

LeAnn C. Lester

# Exhibit 1

## (Filed Under Seal)

# Exhibit 2

Currency units per SDR for July 2007

| Currency | 2-Jul-07 | 3-Jul-07 | 4-Jul-07 | 5-Jul-07 | 6-Jul-07 | 9-Jul-07 | 10-Jul-07 | 11-Jul-07 | 12-Jul-07 | 13-Jul-07 | 16-Jul-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Euro | 1.11896 | 1.11863 | 1.11792 | 1.11685 | 1.11816 | 1.1172 | 1.11425 | 1.1128 | 1.11102 | 1.1105 | 1.11238 |
| Japanese | 187.014 | 186.149 | 186.34 | 187.071 | 186.915 | 188.133 | 187.678 | 186.254 | 187.348 | 187.408 | NA |
| U.K. Poun | 0.756262 | 0.755173 | 0.754518 | 0.75647 | 0.75547 | 0.75547 | 0.755589 | 0.75354 | 0.753279 | 0.753228 | 0.751529 |
| U.S. Dollar | 1.52044 | 1.52144 | 1.52239 | 1.52338 | 1.52025 | 1.52174 | 1.52274 | 1.53044 | 1.53187 | 1.53048 | 1.53297 |
| Argentine | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Australian | 1.78205 | 1.77594 | 1.77476 | 1.77524 | 1.77558 | 1.77132 | 1.77558 | 1.77813 | 1.78001 | 1.76506 | 1.75598 |
| Bahrain Di | 0.571687 | 0.572063 | 0.572418 | 0.57279 | 0.571615 | 0.572174 | 0.572551 | 0.575447 | 0.575984 | 0.575463 | 0.576399 |
| Botswana | NA | 9.30544 | NA | 9.34588 | 9.35541 | 9.31871 | 9.3534 | 9.4123 | 9.39223 | 9.34929 | NA |
| Brazilian R | 2.92746 | 2.9163 | 2.9099 | 2.90829 | 2.91113 | 2.89511 | 2.89077 | 2.8985 | NA | NA | 2.86298 |
| Brunei Dol | 2.32217 | 2.31716 | 2.31875 | 2.31737 | 2.31109 | 2.31259 | 2.3112 | 2.31999 | 2.32216 | 2.31822 | 2.32506 |
| Canadian | NA | 1.61212 | 1.60916 | 1.6096 | 1.59323 | 1.59463 | 1.60207 | 1.61584 | 1.60372 | 1.60349 | 1.59889 |
| Chilean Pe | 801.59 | 800.109 | 798.04 | 796.565 | 794.59 | 791.139 | 795.843 | 794.799 | 790.97 | 790.97 | 788.961 |
| Chinese Yi | 11.5668 | 11.5555 | 11.5793 | NA | 11.5744 | 11.5782 | 11.5492 | 11.5873 | 11.6058 | 11.5905 | 11.6017 |
| Colombian | NA | 2,982.96 | 2,982.28 | NA | NA | NA | NA | NA | NA | NA | 2,998.57 |
| Cyprus Po | 0.653488 | 0.653309 | NA | 0.652005 | 0.653253 | 0.652218 | 0.651428 | 0.654724 | 0.649056 | 0.649233 | 0.649212 |
| Czech Kor | 32.1543 | 32.1831 | 32.0813 | NA | 32.064 | 32.0341 | 31.8983 | 31.6847 | 31.4953 | 31.4423 | 31.3692 |
| Danish Kro | 8.32626 | 8.32445 | 8.31905 | 8.31096 | 8.32064 | 8.31234 | 8.2967 | 8.27876 | 8.26754 | 8.26385 | 8.2776 |
| Hungarian | 275.322 | 275.077 | 275.126 | 275.016 | 276.094 | 274.263 | 273.727 | 274.638 | 274.067 | 272.641 | 272.762 |
| Icelandic K | 93.7814 | NA | 94.2658 | 94.4644 | 93.4344 | 92.6896 | 92.1863 | 92.898 | 92.4787 | 91.9972 | 91.932 |
| Indian Rup | 61.8211 | 61.7402 | 61.6416 | 61.6359 | 61.5093 | 61.4934 | 61.5339 | 61.799 | 61.8571 | 61.9387 | 61.8862 |
| Indonesian | 13,712.90 | 13,677.80 | 13,747.20 | 13,710.40 | 13,724.90 | 13,736.80 | 13,698.60 | 13,796.90 | 13,825.10 | 13,805.00 | 13,845.80 |
| Iranian Ria | 14,105.10 | 14,117.70 | 14,127.70 | 14,137.00 | NA | 14,124.80 | 14,134.10 | 14,205.50 | 14,218.80 | NA | 14,235.20 |
| Israeli New | 6.44214 | 6.3778B | 6.36613 | 6.41799 | 6.43981 | 6.43087 | 6.44272 | 6.51355 | -6.53188 | 6.53821 | 6.56573 |
| Kazakhsta | 185.996 | 185.266 | NA | 185.426 | 185.288 | 185.378 | 185.546 | 186.453 | 185.648 | 186.138 | 187.007 |
| Korean Wo | 1,407.47 | 1,403.84 | 1,397.86 | 1,401.36 | 1,400.31 | 1,401.83 | 1,401.63 | 1,408.16 | 1,409.48 | 1,404.98 | 1,404.66 |
| Kuwaiti Dir | 0.437978 | 0.438268 | 0.438539 | 0.438826 | NA | 0.438352 | 0.438641 | 0.440859 | 0.439495 | 0.439095 | 0.43981 |
| Libyan Din | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 |
| Malaysian | NA | 5.2377 | 5.2376 | 5.2604 | 5.24717 | 5.23404 | 5.22832 | 5.28003 | 5.29033 | 5.27404 | 5.28033 |
| Maltese Li | 0.480499 | 0.480194 | 0.479975 | 0.479352 | 0.480333 | 0.479214 | 0.478985 | 0.477174 | 0.476997 | 0.476876 | 0.477279 |
| Mauritian f | 48.1306 | 48.196 | 48.0277 | 48.0268 | 47.6685 | 47.6447 | 47.6592 | 47.7694 | 47.8652 | 47.6261 | 47.5407 |
| Mexican P | 16.3747 | 16.3809 | 16.3809 | 16.2409 | 16.3926 | 16.3634 | 16.433 | 16.5667 | NA | 16.4692 | 16.5029 |
| Nepalese I | 99.1326 | 99.1218 | 98.955 | 98.9129 | 98.6641 | 98.7606 | 98.8259 | 99.3256 | 99.4184 | 99.7108 | 99.8732 |
| New Zeala | 1.96592 | 1.94583 | 1.94778 | 1.9493 | 1.94282 | 1.94447 | 1.95398 | 1.97527 | 1.95917 | 1.94298 | 1.94466 |
| Norwegian | 8.91695 | NA | 8.84995 | 8.84539 | 8.8404 | 8.86399 | 8.87619 | 8.86399 | 8.81314 | 8.78727 | 8.79051 |
| Rial Oman | 0.584611 | 0.584997 | 0.585357 | 0.585741 | 0.584539 | 0.58511 | 0.585494 | 0.588453 | 0.589004 | 0.588471 | 0.589428 |
| Pakistani | 92.0209 | 92.0819 | 92.1387 | 92.199 | 91.8172 | 91.9067 | 91.9667 | 92.4325 | 92.5189 | 92.4351 | 92.5849 |
| Polish Zlot | 4.21086 | 4.20299 | 4.20514 | 4.20346 | 4.21946 | 4.18783 | 4.202 | 4.2023 | 4.17343 | 4.15695 | 4.17122 |
| Qatar Riya | 5.5344 | 5.53805 | 5.54149 | 5.54511 | 5.53373 | 5.53912 | 5.54278 | 5.57081 | 5.576 | 5.57097 | 5.58001 |
| Russian Ru | 39.1192 | 39.0363 | 39.0689 | 39.1115 | 39.1169 | 39.1112 | 39.0714 | 39.0817 | 39.0083 | 39.0175 | 39.0491 |
| Saudi Arab | 5.70166 | 5.70542 | 5.70897 | 5.71269 | 5.70096 | 5.70652 | 5.71027 | 5.73914 | 5.74452 | 5.73931 | 5.74865 |
| Singapore | 2.32217 | 2.31716 | 2.31875 | 2.31737 | 2.31109 | 2.31259 | 2.3112 | 2.31999 | 2.32216 | 2.31822 | 2.32506 |
| Slovak Kor | 37.85 | 37.5782 | 37.5801 | NA | 37.7369 | 37.5277 | 37.157 | 37.3902 | 37.157 | NA | 36.9566 |
| South Afric | 10.6735 | 10.5969 | 10.611 | 10.6484 | 10.6798 | 10.6065 | 10.6592 | 10.7666 | 10.7231 | 10.6445 | 10.6772 |
| Sri Lanka I | 169.328 | 169.462 | 169.569 | 169.653 | 169.545 | 169.746 | 169.841 | 170.703 | 171.113 | 171.061 | 171.336 |
| Swedish K | 10.3884 | 10.323 | 10.2989 | 10.2409 | 10.2427 | NA | NA | NA | NA | NA | 10.2058 |
| Swiss Frar | 1.84628 | 1.85205 | 1.85214 | 1.84725 | 1.85517 | 1.85135 | 1.84661 | 1.8399 | 1.8399 | NA | 1.84034 |
| Thai Baht | 52.516 | 52.4717 | 52.2985 | 52.1056 | 51.7708 | 51.7727 | 51.6484 | 51.3692 | 51.0069 | 51.0079 | 51.0066 |
| Trinidad A | 9.61224 | 9.59573 | 9.58571 | 9.58571 | 9.58123 | 9.56042 | 9.57543 | 9.65988 | 9.67989 | 9.64944 | 9.69669 |
| U.A.E. Dirt | 5.58382 | 5.5875 | 5.59097 | 5.59462 | 5.58313 | 5.58859 | 5.59225 | 5.62054 | 5.62582 | 5.62069 | 5.62984 |
| Venezuela | 3,260.74 | 3,262.89 | 3,264.91 | 3,267.04 | 3,260.33 | 3,263.53 | 3,265.67 | 3,282.19 | 3,285.25 | 3,282.27 | 3,287.61 |

Currency units per SDR for July 2007 Continued

| Currency | 17-Jul-07 | 18-Jul-07 | 19-Jul-07 | 20-Jul-07 | 23-Jul-07 | 24-Jul-07 | 25-Jul-07 | 26-Jul-07 | 27-Jul-07 | 30-Jul-07 | 31-Jul-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Euro | 1.11266 | 1.11262 | 1.11022 | 1.11063 | 1.1112 | 1.11093 | 1.11548 | 1.11675 | 1.12074 | 1.12071 | 1.11711 |
| Japanese | 166.827 | 186.96 | 187.11 | 187.364 | 185.723 | 185.332 | 183.884 | 184.854 | 181.908 | 181.428 | 182.139 |
| U.K. Poun | 0.749305 | 0.748139 | 0.748923 | 0.747116 | 0.746469 | 0.745779 | 0.747005 | 0.748173 | 0.753029 | 0.756275 | 0.753812 |
| U.S. Dollar | 1.53225 | 1.53308 | 1.53432 | 1.53301 | 1.53579 | 1.53675 | 1.533 | 1.53241 | 1.52992 | 1.53078 | 1.53122 |
| Argentine | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Australian | 1.75355 | 1.74671 | 1.74831 | 1.74107 | 1.73987 | 1.73742 | 1.72888 | 1.73212 | 1.75712 | 1.8024 | 1.78631 |
| Bahrain Di | 0.576126 | 0.576439 | 0.576904 | 0.576412 | 0.577457 | 0.577818 | 0.576409 | 0.576186 | 0.575252 | 0.575573 | 0.575742 |
| Botswana | 9.37093 | 9.37093 | 9.28764 | 9.30224 | 9.25172 | 9.2687 | 9.25729 | 9.41689 | 9.4732 | 9.52571 | 9.48128 |
| Brazilian R | 2.85596 | 2.85353 | 2.83236 | 2.84036 | 2.85625 | 2.8377 | 2.83866 | NA | 2.9139 | NA | 2.87886 |
| Brunei Dol | 2.32366 | 2.32366 | 2.32741 | 2.31745 | 2.32057 | 2.3125 | 2.31069 | 2.31485 | 2.3186 | 2.31867 | 2.31475 |
| Canadian | 1.59906 | 1.60008 | 1.59998 | 1.60046 | 1.60505 | 1.59992 | 1.59815 | 1.60979 | 1.62019 | 1.63579 | 1.63183 |
| Chilean Pe | 788.588 | 790.045 | 791.722 | 786.436 | 792.035 | 791.152 | 793.128 | 797.696 | 801.128 | 802.575 | 800.955 |
| Chinese Yi | 11.5916 | 11.5995 | 11.605 | 11.6067 | 11.617 | 11.637 | 11.5889 | 11.614 | 11.5811 | 11.607 | 11.597 |
| Colombian | 2,976.29 | 2,960.45 | 2,959.07 | NA | 2,950.31 | 2,939.65 | 2,937.58 | 2,966.25 | 3,031.67 | 3,037.22 | 3,019.27 |
| Cyprus Po | 0.649827 | 0.649566 | 0.64871 | 0.649536 | 0.649481 | 0.649891 | 0.652137 | 0.652346 | 0.655115 | 0.654258 | 0.652912 |
| Czech Kor | 31.4617 | 31.4252 | 31.3952 | 31.3791 | 31.3255 | 31.3066 | 31.3606 | 31.3456 | 31.4154 | 31.3979 | 31.3166 |
| Danish Kro | 8.27952 | 8.27924 | 8.26105 | 8.26257 | 8.26822 | 8.26631 | 8.30027 | 8.31007 | 8.33917 | 8.33896 | 8.31228 |
| Hungarian | 272.97 | 273.886 | 272.817 | 272.737 | 273.14 | 273.649 | 275.343 | 277.488 | 280.879 | 282.2 | 279.984 |
| Icelandic K | 92.1345 | 91.5407 | 91.0465 | 91.107 | 91.4871 | 90.914 | 91.5047 | 92.0056 | 94.1673 | 94.9541 | 93.4204 |
| Indian Rup | 61.8418 | 61.9368 | 61.9713 | 61.8261 | 61.9536 | 61.8387 | 61.799 | 61.7101 | 61.9314 | 62.0578 | 61.9226 |
| Indonesian | 13,666.90 | 13,931.10 | 13,977.60 | 13,907.50 | 13,964.90 | 13,932.20 | 13,925.80 | 13,957.20 | 14,075.30 | 14,142.90 | 14,065.80 |
| Iranian Ria | 14,228.50 | 14,250.80 | 14,267.50 | NA | 14,267.50 | 14,276.40 | 14,244.60 | 14,239.10 | NA | 14,224.00 | 14,228.10 |
| Israeli New | 6.5703 | 6.56927 | 6.51012 | 6.48004 | 6.51326 | NA | 6.50144 | 6.55106 | 6.61078 | 6.64664 | 6.59191 |
| Kazakhsta | 186.904 | 186.53 | 186.926 | 187.135 | 187.412 | 187.468 | 187.931 | 187.475 | 187.829 | 188.531 | 189.275 |
| Korean Wo | NA | 1,406.45 | 1,407.28 | 1,404.24 | 1,406.32 | 1,406.92 | 1,401.78 | 1,400.31 | 1,403.71 | 1,410.62 | 1,413.63 |
| Kuwaiti Dir | 0.439603 | 0.439843 | 0.440197 | 0.439819 | 0.440618 | 0.440894 | 0.432307 | 0.432599 | 0.431898 | 0.432369 | 0.431805 |
| Libyan Din | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 | 1.93237 |
| Malaysian | 5.27936 | 5.28991 | 5.28234 | NA | 5.24854 | 5.22802 | 5.23749 | 5.25461 | 5.29813 | 5.31028 | 5.28885 |
| Maltese Li | 0.477575 | 0.477553 | 0.477275 | 0.477275 | 0.477382 | 0.4774 | 0.479122 | 0.480379 | 0.481471 | NA | 0.479586 |
| Mauritian f | 47.5755 | 47.6132 | 47.5599 | 47.492 | 47.6181 | 47.6054 | 47.4158 | 47.4678 | 47.3415 | 47.4478 | 47.3057 |
| Mexican P | 16.4913 | 16.4837 | 16.449 | 16.5324 | 16.5312 | 16.5732 | 16.6656 | 16.7701 | 16.825 | 16.8098 | 16.7321 |
| Nepalese I | 99.8263 | 99.8801 | 99.961 | 99.9752 | 100.057 | 100.073 | 99.6453 | 99.6066 | 99.4451 | 99.7914 | 99.8363 |
| New Zeala | 1.93222 | 1.94135 | 1.9341 | 1.93147 | 1.92817 | 1.90569 | 1.90459 | 1.91168 | 1.95868 | 2.01154 | 1.98448 |
| Norwegian | 8.77278 | 8.81477 | 8.77616 | 8.77616 | 8.79175 | 8.79129 | 8.86918 | 8.90726 | 9.01079 | 8.96563 | 8.89166 |
| Rial Oman | 0.58915 | 0.58947 | 0.589946 | 0.589442 | 0.59051 | 0.59088 | 0.589438 | 0.589209 | 0.588256 | 0.588585 | 0.588755 |
| Pakistani | 92.5412 | 92.5917 | 92.6664 | 92.6635 | 92.7911 | 92.8488 | 92.6626 | 92.5866 | 92.4052 | 92.4673 | 92.4498 |
| Polish Zlot | 4.17124 | 4.18302 | 4.16507 | 4.1753 | 4.16625 | 4.18027 | 4.22281 | 4.25273 | 4.2639 | 4.25557 | 4.23429 |
| Qatar Riya | 5.5774 | 5.5774 | 5.58042 | 5.58014 | 5.59028 | 5.59397 | 5.58014 | 5.57796 | 5.56892 | 5.57206 | 5.57367 |
| Russian Ru | 39.0054 | 39.0054 | 39.0049 | 38.9605 | 38.9864 | 39.0279 | 39.0074 | 39.0147 | 39.0073 | 39.1879 | 39.1148 |
| Saudi Arab | 5.74594 | 5.74594 | 5.74908 | 5.74878 | 5.75921 | 5.76283 | 5.74875 | 5.74653 | 5.7372 | 5.74043 | 5.74208 |
| Singapore | 2.32366 | 2.32366 | 2.32753 | 2.32741 | 2.32057 | 2.3125 | 2.31069 | 2.31485 | 2.3186 | 2.31867 | 2.31475 |
| Slovak Kor | 36.8353 | 36.6383 | 36.9141 | 36.7677 | 36.8742 | 36.8251 | 36.6235 | 37 | 37.1863 | 37.57 | 37.5808 |
| South Afric | 10.6798 | 10.6856 | 10.5408 | 10.5471 | 10.4894 | NA | 10.4551 | 10.6809 | NA | 10.9527 | 10.8564 |
| Sri Lanka I | 171.215 | 171.388 | 171.397 | 171.721 | 171.8 | 171.39 | 171.308 | 171.013 | 171.118 | 171.128 | |
| Swedish K | 10.1818 | 10.1994 | 10.2015 | 10.2002 | 10.2481 | 10.2863 | 10.2863 | 10.3232 | 10.3251 | 1.84 | 10.2669 |
| Swiss Frar | 1.83993 | 1.84246 | 1.84164 | 1.83482 | 1.84878 | 1.85178 | 1.86106 | 1.85835 | 1.85442 | 51.6302 | 1.8462 |
| Thai Baht | 51.1161 | 51.1161 | 51.3168 | 51.3758 | 51.6425 | 51.7807 | 51.5334 | 51.6145 | 51.5722 | 9.6903 | NA |
| Trinidad A | 9.63419 | 9.63465 | 9.67773 | NA | 9.67717 | 9.69537 | 9.68242 | 9.70139 | 9.66529 | 5.6218 | 9.695 |
| U.A.E. Dirt | 5.62718 | 5.63025 | 5.63479 | 5.62996 | 5.64019 | 5.64372 | 5.62993 | 5.62778 | 5.61864 | 3,282.92 | 5.62341 |
| Venezuela | 3,286.07 | 3,287.85 | 3,290.50 | 3,287.69 | 3,293.64 | 3,295.72 | 3,287.68 | 3,286.40 | 3,281.08 | | 3,283.87 |

Notes:
The value of the U.S. dollar in terms of the SDR is the reciprocal of the sum of the dollar values, based on market exchange rates, of specified quantities of the first four currencies shown. See SDR Valuation

The value in terms of the SDR of each of the other currencies is derived from that currency's representative exchange rate against the U.S. dollar as reported by the issuing central bank and the SDR value of the U.S. dollar, except for the Iranian rial and the Libyan dinar, the values of which are officially expressed directly in terms of domestic currency units per SDR. All figures are rounded to six significant digits. See Representative Exchange Rates for Selected Currencies

The value in terms of each national currency of the SDR (shown above) is the reciprocal of the value in terms of the SDR of each national currency, rounded to six significant digits.