UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                  :

IN RE SEPTEMBER 11 LITIGATION      :         21 MC 97 (AKH)
                                                 :
                                                 :         This document relates to:
                                                 :
                                                 :         *Teague v. AMR Corp.*, *et al.*
                                                 :         03 Civ. 6800 (AKH)
                                                 :
                                               :
                                               :
-------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

## **<u>ORDER DENYING MOTION TO ENFORCE SETTLEMENT</u>**

On August 15, 2007, I granted partial summary judgment to plaintiffs Ruth Falkenberg and Elaine Teague on a portion of their respective claims against American Airlines and other defendants. Plaintiffs Falkenberg and Teague had sued as representatives of two passengers, Leslie Ann Whittington and Sandra D. Teague, who died when American Airlines Flight 77, en route from Washington Dulles Airport to Los Angeles Airport on September 11, 2001, was hijacked by terrorists, diverted from its flight path, and willfully flown into the Pentagon.

Plaintiffs Falkenberg and Teague moved for summary judgment, based on the Warsaw Convention governing suits against airlines, 49 U.S.C. § 40105, the 9/11 Commission Report (Final Report of the National Commission on Terrorist Attacks Against the United States), and other facts of record. I granted so much of their motions as alleged claims under the Warsaw Convention, and directed the Clerk to enter partial judgments on both their complaints in the amount of $153,078.00. I held, further, that attorneys' fees could not be recovered (applying the rule normally followed in United States' courts), and that the recoverability of interest or costs should be deferred to the time of final judgment. As to the remaining portions of

1

plaintiffs' claims—in particular, whether and to what extent American Airlines could prove its defense under Article 20 of the Warsaw Convention that it took all reasonable measures to avoid or mitigate the risk of hijacking by terrorists—I held that triable issues of fact were presented, and I denied summary judgment. In re September 11 Litig., 500 F. Supp. 2d 356 (S.D.N.Y. 2007).

The Teague case now comes before me again, on the issue whether an oral agreement of the parties agreeing to a settlement amount, imperfectly reflected in a plethora of correspondence and exchanges of arguments, is an agreed settlement. The Whittington case is not before me; the parties to that case appear to be engaged in continuing discovery and other proceedings leading to trial.

Plaintiff Teague's present motion states that AMR Corp., American Airline's parent company, did not pay the judgment debt of $153,078.00 as and when demanded by plaintiff. Defendant asked to receive a partial release and agreement to various terms as conditions to payment, but plaintiff refused to give the requested release or agree to the terms proposed by defendant. Meanwhile, counsel for the parties continued to negotiate a settlement of all issues, and came to an agreed number. Correspondence was exchanged, which made reference to the return by plaintiff of $25,000.00 that had been advanced soon after September 11, 2001 to each family that suffered the loss of a loved one, but initially did not mention the partial judgment of $153,078.00. Later, defendants tendered a check for the partial judgment, and demanded a partial satisfaction from plaintiff. Defendants also added a term to the proposed settlement agreement which recited that the amount was to be deducted from the final settlement payment. Plaintiff objected to the term, and brought this motion.

Plaintiffs' motion seeks a declaration that the agreed settlement number is additional to the partial judgment, and asks the court to enforce the settlement pursuant to such

declaration. Defendants oppose the motion, argue that the agreed settlement number is inclusive of the judgment, and ask that the settlement be enforced according to their interpretation.

Both parties argue with respect to New York cases and, as I did in earlier September 11 cases and for similar reasons, I shall apply New York law as the governing law. The case is here; the settlement depends on this court's approval, and important elements of the negotiations occurred in New York. In re September 11 Litig., 494 F. Supp. 2d 232, 239-40 (S.D.N.Y. 2007); Auten v. Auten, 124 N.E.2d 99, 101-02 (N.Y. 1954).

It is clear to me that the parties did not come to agreement on whether the settlement amount was inclusive, or exclusive, of the partial judgment. The issue of inclusive or exclusive was material and, if the parties did not agree, their efforts to create an agreement did not succeed. A contract is not made unless the parties come to agreement on all material terms. Furthermore, under New York law, an agreement of this amount, intended to settle a lawsuit, must be in writing as to all its material terms and be signed by the party to be charged, or at least all material terms must be dictated into a court record, with the parties' separate agreements also being stated on the record. There is no such complete writing, and there is no such court record. N.Y. C.P.L.R. 2104 (2003); Powell v. Omnicom, 497 F.3d 124 (2d Cir. 2007); Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 326 (2d Cir. 1997); cf. Medinol Ltd. v. Guidant Corp., 500 F. Supp. 2d 345, 353-54 (S.D.N.Y. 2007) (upholding a settlement agreement stated in open court where the agreement was clear, unambiguous and contained all material terms).

Accordingly, I deny plaintiff Teague's motion. The parties did not come to agreement on all material terms.

SO ORDERED.

Date:  February 27, 2008
       New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3