UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
IN RE SEPTEMBER 11 LITIGATION                         :
                                                      :
This Declaration relates to:                          :    Civil No.
                                                      :    21 MC 101 (AKH)
*Falkenberg v. AMR Corporation, et al.*, 02 Civ. 7145 (AKH)  :
                                                      :
*Teague v. American Airlines, Inc., et al.*, 03 Civ. 6800 (AKH)  :    **DECLARATION OF**
                                                      :    **DESMOND T. BARRY, JR.**
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1.      I am an attorney and member of the law firm of Condon & Forsyth LLP,

co-counsel for defendants American Airlines, Inc. and AMR Corporation in this litigation, and I

am fully familiar with all prior pleadings and proceedings.

2.      I submit this declaration in support of the motion by defendants American

Airlines, Inc., AMR Corporation, and Argenbright Security, Inc. for Orders: (1) approving the

settlements; (2) entering final judgments pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure; (3) ruling that the liability limitation contained in Section 408(a)(1) of the Air

Transportation Safety and System Stabilization Act applies to the settlement amounts; and (4)

dismissing the Complaints with prejudice as to all defendants.

3.      Annexed hereto as "Exhibit A" is a true and accurate copy of the executed

Confidential Stipulation of Settlement in *Falkenberg  v. AMR Corporation, et al.*, 02 Civ. 7145

(AKH), with the settlement amount redacted.  An unredacted copy of the Confidential

Stipulation of Settlement is being filed with the Court under seal.

4.      Annexed hereto as "Exhibit B" is a true and accurate copy of the executed

Confidential Stipulation of Settlement in *Teague v. American Airlines, Inc., et al.*, 03 Civ. 6800

1

(AKH), with the settlement amount redacted.  An unredacted copy of the Confidential Stipulation of Settlement is being filed with the Court under seal.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration on July 10, 2008, at New York, New York.

Desmond T. Barry, Jr.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
            :   No.: 21 MC 101 (AKH)
            :
IN RE SEPTEMBER 11 LITIGATION   :   **THIS DOCUMENT RELATES TO:**
            :   **02 CV 7145 (AKH)**
            :   **RUTH FALKENBERG v.**
            :   **AMR CORPORATION, et al.**
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL STIPULATION OF SETTLEMENT</u>

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter "AMERICAN"), AMR CORPORATION (hereinafter "AMR"), and ARGENBRIGHT SECURITY, INC. (hereinafter "ARGENBRIGHT"), and RUTH FALKENBERG, as Personal Representative of the Estate of LESLIE WHITTINGTON, and on behalf of all survivors, heirs, and next of kin of LESLIE WHITTINGTON, deceased (hereinafter "PLAINTIFF"), hereby agree:

1.    In consideration of the sum of

to be paid by the Insurers of AMERICAN and AMR, and the sum of

to be paid by the Insurers of ARGENBRIGHT, for a total of the payments to PLAINTIFF of

PLAINTIFF agrees to release and discharge AMERICAN, AMR, ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and currently pending under civil action number 21 MC 101 (AKH), and agrees to execute a Confidential Release in the form attached hereto as "Exhibit 1."

1

PLAINTIFF agrees that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

2.    The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR, and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA").    AMERICAN, AMR, and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance.  The parties therefore agree that:

(a)    AMERICAN, AMR, and ARGENBRIGHT shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

(b)    No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.    Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR, and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable

2

determination described in paragraph "2." The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR, ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and currently pending under civil action number 21 MC 101 (AKH), including, without limitation, each of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors, and assigns.

    4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1."

    5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR, and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1." The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of LESLIE WHITTINGTON as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

3

6.      Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued, or within 30 days after receipt by counsel for AMERICAN, AMR, and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR, and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release.  In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3," this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.      The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility, or proportionate responsibility by any party.

8.      This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.      This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR, and ARGENBRIGHT.

10.     The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "2" and "3." No party, attorney, employee, agent, or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

4

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
        This 26th day of June, 2008.

MOTLEY RICE LLC

By: _____
      Mary F. Schiavo (    )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
RUTH FALKENBERG


SIMPSON THACHER & BARTLETT LLP


By:_____
      Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.


ACE GLOBAL MARKETS


By:_____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

CONDON & FORSYTH LLP

By:_____
      Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____
      John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
This _____ day of _____, 2008.

MOTLEY RICE LLC

By:_____
   Mary F. Schiavo (    )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
RUTH FALKENBERG


SIMPSON THACHER & BARTLETT LLP

By:_____
   Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.


ACE GLOBAL MARKETS


By:_____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

CONDON & FORSYTH LLP

By:_____
   Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____
   John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
      This _____ day of _____, 2008.

MOTLEY RICE LLC

By:_____
    Mary F. Schiavo (        )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
RUTH FALKENBERG

SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.

ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By: _____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

11.   This Agreement may be executed in counterparts.

Dated: New York, New York
        This _____ day of _____, 2008.

MOTLEY RICE LLC

By:_____
    Mary F. Schiavo (      )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
RUTH FALKENBERG

SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.

ACE GLOBAL MARKETS

By:_____

For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

# EXHIBIT 1
# to EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :
                         :  No.: 21 MC 101 (AKH)
                         :
IN RE SEPTEMBER 11 LITIGATION      :  **THIS DOCUMENT RELATES TO:**
                         :  **02 CV 7145 (AKH)**
                         :  **RUTH FALKENBERG v.**
                         :  **AMR CORPORATION, et al.**
                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

RUTH FALKENBERG, as Personal Representative of the Estate of LESLIE WHITTINGTON, and on behalf of all survivors, heirs, and next of kin of LESLIE WHITTINGTON, deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of ARGENBRIGHT SECURITY, INC. (hereinafter, "ARGENBRIGHT"), for a total of the payments to RELEASOR of

, hereby releases and discharges AMERICAN, AMR, ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and currently pending under civil action number 21 MC 101 (AKH), including without limitation each of the defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors, and assigns from all

**EXHIBIT 1**

actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, admiralty, or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors, and/or assigns ever had, now have, or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to LESLIE WHITTINGTON, whether assertable by the survivors, heirs, or personal representative of LESLIE WHITTINGTON or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to LESLIE WHITTINGTON, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other property of LESLIE WHITTINGTON; amounts paid by or on behalf of LESLIE WHITTINGTON for transportation; and any and all other losses, damages and/or injuries relating to or arising out of LESLIE WHITTINGTON having been a passenger on American Airlines Flight 77 on September 11, 2001 (hereinafter, "the death of LESLIE WHITTINGTON") from the beginning of the world to the day of the date of this Confidential Release.

RELEASOR agrees that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

**EXHIBIT 1**

1.    RELEASOR agrees to protect, indemnify, and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory, and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASOR, relating to or arising out of the death of LESLIE WHITTINGTON whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability, or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges, and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of LESLIE WHITTINGTON, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change.  RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of LESLIE WHITTINGTON as well as those known and anticipated.  The provisions of any local, state,

**EXHIBIT 1**

federal, or foreign law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.     The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of LESLIE WHITTINGTON.   RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace.  This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.     The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction.  No party, attorney, employee, agent, or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.     RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of LESLIE WHITTINGTON except those set forth in this Confidential Release; and that she is knowingly and voluntarily

4                              **EXHIBIT 1**

signing this Confidential Release and is not subject to duress, coercion, or undue influence by RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature whatsoever, arising from or relating to the death of LESLIE WHITTINGTON in any court or tribunal, or with any adjudicatory, legislative, executive, or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of LESLIE WHITTINGTON, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of LESLIE WHITTINGTON other than any expenses previously paid for by RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs, or expenses with respect to settlement proceeds in this action are inapplicable.

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR, and ARGENBRIGHT.

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2008.

_____
RUTH FALKENBERG, RELEASOR

STATE OF _____  )
                      ) ss.:
COUNTY OF _____  )

On _____, 2008, before me personally came RUTH FALKENBERG, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**EXHIBIT 1**

## APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

**EXHIBIT 1**

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.

HUNTLEIGH AVIATION SERVICES CORPORATION

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

8                                          **EXHIBIT 1**

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

9                                        **EXHIBIT 1**

TEM ENTERPRISES d/b/a CASINO EXPRESS

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

**EXHIBIT 1**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :    No.: 21 MC 101 (AKH)
                                        :
IN RE SEPTEMBER 11 LITIGATION           :    **THIS DOCUMENT RELATES TO:**
                                        :    **03 CV 6800 (AKH)**
                                        :    **ELAINE TEAGUE v.**
                                        :    **AMERICAN AIRLINES, INC., et al.**
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL STIPULATION OF SETTLEMENT</u>

By and through their attorneys, Defendants AMERICAN AIRLINES, INC. (hereinafter

"AMERICAN"), AMR CORPORATION (hereinafter "AMR"), and ARGENBRIGHT

SECURITY, INC. (hereinafter "ARGENBRIGHT"), and ELAINE TEAGUE, Individually, and

as Personal Representative and/or Administrator of the Estate of SANDRA TEAGUE, and on

behalf of all survivors, heirs, and next of kin of SANDRA TEAGUE, deceased (hereinafter

"PLAINTIFF"), hereby agree:

1.      In consideration of the sum of

                                                                to be paid by the

Insurers of AMERICAN and AMR, and the sum of

                                                                to be paid by the

Insurers of ARGENBRIGHT, for a total of the payments to PLAINTIFF of

                                                                , PLAINTIFF agrees

to release and discharge AMERICAN, AMR, ARGENBRIGHT, and any and all other

defendants named in any of the individual or Master Complaints filed under civil action number

21 MC 97 (AKH) and currently pending under civil action number 21 MC 101 (AKH), and

agrees to execute a Confidential Release in the form attached hereto as "Exhibit 1."

1

PLAINTIFF agrees that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

2.     The parties to this Agreement recognize the legitimate interest of AMERICAN, AMR, and ARGENBRIGHT in ensuring that the full amounts paid pursuant to this Agreement count against the limits on their respective liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA").    AMERICAN, AMR, and ARGENBRIGHT are not willing to enter into this Agreement absent that assurance.   The parties therefore agree that:

(a)     AMERICAN, AMR, and ARGENBRIGHT shall have no obligations hereunder, unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA; and

(b)     No settlement payments shall be made pursuant to this Agreement unless and until a final, non-appealable determination is issued by a court of competent jurisdiction confirming that all amounts to be paid hereunder count against the limits of liability established by Section 408(a)(1) of the ATSSSA.

3.     Within 21 days after execution of this Confidential Stipulation of Settlement, AMERICAN, AMR, and ARGENBRIGHT shall seek from the United States District Court for the Southern District of New York or an appropriate federal appellate court the non-appealable

2

determination described in paragraph "2." The parties agree, and PLAINTIFF specifically consents, that the motion for the non-appealable final determination will include a request that the Court dismiss with prejudice all proceedings by PLAINTIFF against AMERICAN, AMR, ARGENBRIGHT, and any and all other defendants named in any of the individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and currently pending under civil action number 21 MC 101 (AKH), including, without limitation, each of the defendants listed in "Appendix A" to the Confidential Release in the form attached hereto as "Exhibit 1" ("RELEASEES"), and all RELEASEES' parents, subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers, directors, employees, agents, heirs, executors, administrators, successors, and assigns.

    4.    Following execution of this Confidential Stipulation of Settlement, PLAINTIFF shall submit to Judge Alvin K. Hellerstein a Motion for a Compromise Order approving the settlement and the distribution of the settlement proceeds and authorizing PLAINTIFF to execute and deliver a Confidential Release in the form attached hereto as "Exhibit 1."

    5.    Upon receipt of authorization from the Court, PLAINTIFF shall deliver to AMERICAN, AMR, and ARGENBRIGHT an executed Confidential Release in the form attached hereto as "Exhibit 1." The execution of said Confidential Release does not preclude PLAINTIFF from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of SANDRA TEAGUE as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

3

6.      Subject to compliance with all conditions set forth above, within 30 days after the non-appealable determination described in paragraphs "2" and "3" is issued, or within 30 days after receipt by counsel for AMERICAN, AMR, and ARGENBRIGHT of the executed Confidential Release, whichever is later, AMERICAN, AMR, and ARGENBRIGHT'S insurers will pay to PLAINTIFF the settlement funds as indicated in the Confidential Release.  In the event that a court of competent jurisdiction declines to enter the final non-appealable determination referenced in paragraphs "2" and "3," this Confidential Stipulation of Settlement shall be void, and PLAINTIFF shall be entitled to reinstate her case against RELEASEES.

7.      The parties acknowledge that this Agreement is entered into solely for the purpose of amicably resolving the parties' dispute and the parties specifically acknowledge and agree that this Agreement does not constitute an admission of liability, responsibility, or proportionate responsibility by any party.

8.      This Agreement and the performance thereunder shall be governed by and construed under the laws of the State of New York, without giving effect to its conflict of law provisions that would result in the application of the law of any other jurisdiction.

9.      This Agreement may not be modified orally and can only be modified by means of a written agreement signed by PLAINTIFF, AMERICAN, AMR, and ARGENBRIGHT.

10.     The amount of the payments under this settlement shall remain confidential. Dissemination of the amount of payments under this settlement shall be restricted to only the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court referenced in paragraphs "2" and "3." No party, attorney, employee, agent, or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

4

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
     This 1ˢᵗ day of July_____, 2008.

MOTLEY RICE LLC

By: _____
    Mary F. Schiavo (    )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
ELAINE TEAGUE


SIMPSON THACHER & BARTLETT LLP


By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.


ACE GLOBAL MARKETS


By:_____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.


CONDON & FORSYTH LLP

By: _____
    Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS


By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
      This _____ day of _____, 2008.

MOTLEY RICE LLC

By:_____
    Mary F. Schiavo (    )
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, South Carolina  29465
Tel.: (843)216-9000
Fax: (843)216-9450
mschiavo@motleyrice.com

Attorneys for Plaintiff
ELAINE TEAGUE


SIMPSON THACHER & BARTLETT LLP

By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502
jwayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.


ACE GLOBAL MARKETS


By:_____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.


CONDON & FORSYTH LLP

By:_____
    Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York  10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION


GLOBAL AEROSPACE UNDERWRITING
MANAGERS

By:_____
    John P. Meehan

For and on behalf of the insurers for
AMERICAN AIRLINES, INC. and
AMR CORPORATION

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
       This _____ day of _____, 2008.

MOTLEY RICE LLC                              CONDON & FORSYTH LLP


By:_____                 By:_____
    Mary F. Schiavo (        )                    Desmond T. Barry, Jr. (DB 8066)
28 Bridgeside Blvd                           7 Times Square
P.O. Box 1792                                New York, New York  10036
Mt. Pleasant, South Carolina  29465          Tel.: (212)490-9100
Tel.: (843)216-9000                          Fax: (212)370-4483
Fax: (843)216-9450                           dbarry@condonlaw.com
mschiavo@motleyrice.com
                                             -and-
Attorneys for Plaintiff
ELAINE TEAGUE                                DEBEVOISE & PLIMPTON LLP
                                             919 Third Avenue
                                             New York, New York  10022
                                             Tel.: (212)909-6000
SIMPSON THACHER & BARTLETT LLP               Fax: (212)909-6836

                                             Attorneys for Defendants
By:_____                 AMERICAN AIRLINES, INC. and
    Joseph F. Wayland (JFW 7549)             AMR CORPORATION
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000
Fax: (212)455-2502                           GLOBAL AEROSPACE UNDERWRITING
jwayland@stblaw.com                          MANAGERS

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.                   By:_____
                                                 John P. Meehan

                                             For and on behalf of the insurers for
ACE GLOBAL MARKETS                           AMERICAN AIRLINES, INC. and
                                             AMR CORPORATION

By:_____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

11.    This Agreement may be executed in counterparts.

Dated: New York, New York
        This _____ day of _____, 2008.

MOTLEY RICE LLC                                CONDON & FORSYTH LLP

By:_____                   By:_____
    Mary F. Schiavo (      )                        Desmond T. Barry, Jr. (DB 8066)
28 Bridgeside Blvd                             7 Times Square
P.O. Box 1792                                  New York, New York  10036
Mt. Pleasant, South Carolina  29465            Tel.: (212)490-9100
Tel.: (843)216-9000                            Fax: (212)370-4483
Fax: (843)216-9450                             dbarry@condonlaw.com
mschiavo@motleyrice.com
                                               -and-
Attorneys for Plaintiff
ELAINE TEAGUE                                  DEBEVOISE & PLIMPTON LLP
                                               919 Third Avenue
                                               New York, New York  10022
                                               Tel.: (212)909-6000
                                               Fax: (212)909-6836
SIMPSON THACHER & BARTLETT LLP
                                               Attorneys for Defendants
                                               AMERICAN AIRLINES, INC. and
                                               AMR CORPORATION
By:_____
    Joseph F. Wayland (JFW 7549)
425 Lexington Avenue
New York, New York 10017-3954
Tel.: (212)455-2000                            GLOBAL AEROSPACE UNDERWRITING
Fax: (212)455-2502                             MANAGERS
jwayland@stblaw.com

                                               By:_____
Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.                         John P. Meehan

                                               For and on behalf of the insurers for
                                               AMERICAN AIRLINES, INC. and
ACE GLOBAL MARKETS                             AMR CORPORATION

By: _____


For and on behalf of the insurers for
ARGENBRIGHT SECURITY, INC.

5

# EXHIBIT 1
# to EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| : | No.: 21 MC 101 (AKH) |
| : |  |
| : | **THIS DOCUMENT RELATES TO:** |
| : | **03 CV 6800 (AKH)** |
| : | **ELAINE TEAGUE v.** |
| : | **AMERICAN AIRLINES, INC., et al.** |

IN RE SEPTEMBER 11 LITIGATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>CONFIDENTIAL RELEASE</u>

ELAINE TEAGUE, Individually, and as Personal Representative and/or Administrator of

the Estate of SANDRA TEAGUE, and on behalf of all survivors, heirs, and next of kin of

SANDRA TEAGUE, deceased, as RELEASOR, and in consideration of the sum of

to be paid by the Insurers of AMERICAN AIRLINES, INC. (hereinafter,

"AMERICAN") and AMR CORPORATION (hereinafter, "AMR"), and the sum of

to be paid by the Insurers of ARGENBRIGHT SECURITY, INC. (hereinafter,

"ARGENBRIGHT"), for a total of the payments to RELEASOR of

, hereby releases and discharges

AMERICAN, AMR, ARGENBRIGHT, and any and all other defendants named in any of the

individual or Master Complaints filed under civil action number 21 MC 97 (AKH) and currently

pending under civil action number 21 MC 101 (AKH), including without limitation each of the

defendants listed in "Appendix A" hereto ("RELEASEES"), and all RELEASEES' parents,

subsidiaries, affiliated corporations, partnerships, insurers, related business entities, officers,

directors, employees, agents, heirs, executors, administrators, successors, and assigns from all

**EXHIBIT 1**

NYOFFICE 680314v.1

actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law, admiralty, or equity, which RELEASOR, RELEASOR'S heirs, executors, administrators, successors, and/or assigns ever had, now have, or hereafter can, shall or may, have against RELEASEES for, upon, or by reason of any matter, cause, or thing whatsoever relating to or arising out of the following: wrongful death of and personal injuries to SANDRA TEAGUE, whether assertable by the survivors, heirs, or personal representative of SANDRA TEAGUE or by any other person or entity entitled by law to recover damages as a result of the death of or personal injury to SANDRA TEAGUE, and whether characterized as wrongful death claims, survival or survivorship claims, personal injuries or otherwise; loss of or damage to the baggage, personal effects, or other property of SANDRA TEAGUE; amounts paid by or on behalf of SANDRA TEAGUE for transportation; and any and all other losses, damages and/or injuries relating to or arising out of SANDRA TEAGUE having been a passenger on American Airlines Flight 77 on September 11, 2001 (hereinafter, "the death of SANDRA TEAGUE") from the beginning of the world to the day of the date of this Confidential Release.

RELEASOR agrees that the sum of

paid by the insurers of AMERICAN and AMR, shall be deducted from the settlement amount payable by AMERICAN and AMR.

FOR AND IN FURTHER CONSIDERATION of the payments described above, RELEASOR agrees as follows:

**EXHIBIT 1**

1.    RELEASOR agrees to protect, indemnify, and hold harmless RELEASEES from and against all actions, causes of action, remedies, suits, debts, covenants, contracts, controversies, agreements, promises, damages (including, but not limited to, pecuniary, non-pecuniary, moral, patrimonial, compensatory, and punitive damages), liabilities, judgments, executions, claims, demands of whatsoever nature, known and unknown (including, but not limited to, liens or liabilities of whatsoever nature, including without limitation, those relating to or arising out of any workers' compensation payments and those that may arise by reason of the legal or tax consequences of this Confidential Release), and all costs and expenses (including, but not limited to, reasonable attorneys' fees) in defending any such actions, etc., brought against RELEASEES by anyone claiming by, through, or under RELEASOR, relating to or arising out of the death of SANDRA TEAGUE whether anticipated or unanticipated, however caused and whether by sole, joint, or concurrent negligence, strict liability, treaty liability, Intercarrier Agreement liability, contractual liability, or otherwise of RELEASEES.

2.    RELEASOR recognizes, acknowledges, and accepts that there is a risk that, after the execution of this Confidential Release: (a) RELEASOR will claim or suffer personal bodily discomfort, emotional distress, or economic loss that are in some way caused by or related to the death of SANDRA TEAGUE, but which are unknown and unanticipated at the time this Confidential Release is executed; (b) the damages presently known may be or may become more extensive than RELEASOR now expects or anticipates; and (c) the laws governing what damages are available to her may change. RELEASOR accepts these risks, and this Confidential Release shall apply to all unknown and unanticipated results of the death of SANDRA TEAGUE as well as those known and anticipated. The provisions of any local, state, federal, or foreign

**EXHIBIT 1**

NYOFFICE 680314v.1

law, statute, or judicial decision providing in substance that releases shall not extend to unknown or unanticipated claims, damages, or injuries are hereby expressly waived.

3.    The payments described above and the execution of this Confidential Release are the result of a compromise of disputed claims and shall not at any time for any purpose be considered as an admission of liability, responsibility, or proportionate responsibility of RELEASEES for any wrongdoing, negligence, or other culpable conduct in connection with the death of SANDRA TEAGUE. RELEASOR acknowledges that RELEASEES expressly continue to deny and disclaim such liability and responsibility and intend merely to avoid further litigation and buy their peace. This Confidential Release is a final and full settlement of all claims against RELEASEES and shall not be subject to any claim of mistake of fact or law by RELEASOR.

4.    The amount of the payments of the settlement shall remain confidential. The parties shall not disclose the amount of the payments of the settlement agreement, except to the parties, their attorneys, employees, agents, and insurance representatives who have a need to know the amount of the settlement, and to any court of competent jurisdiction. No party, attorney, employee, agent, or insurance representative of a party shall disclose the amount of the settlement payments unless required to do so by court order.

5.    RELEASOR represents and warrants that she is not relying on the advice of the RELEASEES, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Confidential Release; that she has not relied on any representations or statements, written or oral, of RELEASEES, including but not limited to, any factual representation regarding the death of SANDRA TEAGUE except those set forth in this Confidential Release; and that she is knowingly and voluntarily signing this

4                         **EXHIBIT 1**

Confidential Release and is not subject to duress, coercion, or undue influence by RELEASEES or anyone else.

6.    RELEASOR represents and warrants that she has not filed, will not file, or cause to be filed, any other actions, causes of action, suits, claims, or demands, of any nature whatsoever, arising from or relating to the death of SANDRA TEAGUE in any court or tribunal, or with any adjudicatory, legislative, executive, or other governmental or private body or agency anywhere in the U.S. or abroad against RELEASEES. This Confidential Release does not preclude RELEASOR from continuing any direct action filed against terrorists and/or sponsors of terrorism arising from or relating to the death of SANDRA TEAGUE, as identified in *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:02-CV-01616, United States District Court, District of Columbia (JR); *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570; and *Burnett, et al. v. Al Baraka Investment and Development Corp., et al.*, 1:03-CV-09849, United States District Court, Southern District of New York (RCC).

7.    RELEASOR understands that she has the right to obtain legal counsel to review and evaluate this Confidential Release, and RELEASOR attests that she has done so or agreed to waive this right. RELEASOR further understands and agrees that she shall be responsible for the payment of all expenses arising from and in connection with any matters related to the death of SANDRA TEAGUE other than any expenses previously paid for by RELEASEES, and that RELEASOR shall be responsible for the payment of any attorneys' fees and legal expenses that she has incurred or may incur. RELEASOR further agrees that statutes providing for payment of interest, costs, or expenses with respect to settlement proceeds in this action are inapplicable.

**EXHIBIT 1**

8.    RELEASOR represents and warrants that she will satisfy all outstanding workers' compensation liens, medical liens, attorneys' fees liens, and all other liens, if any, from the proceeds of this settlement.

9.    This Confidential Release and the performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction.

10.    This Confidential Release may not be modified orally and can only be modified by means of a written agreement signed by RELEASOR, AMERICAN, AMR, and ARGENBRIGHT.

11.    This Confidential Release can be executed in multiple originals.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____, 2008.

_____
ELAINE TEAGUE, RELEASOR

STATE OF _____    )
                                                ) ss.:
COUNTY OF _____    )

On _____, 2008, before me personally came ELAINE TEAGUE, to me known, and known to me to be the individual described herein, and who executed the foregoing CONFIDENTIAL RELEASE, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**EXHIBIT 1**

# APPENDIX A

AEROFLOT, a Russian corporation;

AIR CANADA

AIR FRANCE, a French corporation

AIR JAMAICA, a Jamaican corporation

AIR TRANSPORT ASSOCIATION OF AMERICA, INC.

AIRTRAN AIRLINES

ALASKA AIRLINES, INC.

AMERICA WEST AIRLINES, INC.

AMERICAN AIRLINES, INC.

AMERICAN EAGLE AIRLINES

AMERICAN TRANS AIR, INC.

AMR CORPORATION

ANA, a Japanese corporation

ARGENBRIGHT SECURITY, INC.

ATA AIRLINES, INC.

ATLANTIC COAST AIRLINES, INC.

AUSTRIAN AIRLINES, an Austrian corporation

BARKSHIRE, INC.

BRITISH AIRWAYS, a United Kingdom corporation

BRITISH MIDLAND AIRWAYS, LTD, a United Kingdom corporation

BURNS INTERNATIONAL SECURITY SERVICES CORP.

BURNS INTERNATIONAL SERVICES CORP.

7

**EXHIBIT 1**

BWIA INTERNATIONAL AIRWAYS, a Trinidad/Tobago corporation

CAPE AIR

CITY OF PORTLAND, MAINE

COLGAN AIR, INC.

CONTINENTAL AIRLINES, INC.

DELTA AIR LINES INC.

DELTA EXPRESS

EMERY ROTH AND PARTNERS LLC d/b/a EMERY ROTH & SONS

ETHIOPIAN AIRLINES S.C.

FRONTIER AIRLINES, INC.

GLOBE AVIATION SERVICES CORPORATION

GLOBE AIRPORT SECURITY SERVICES, INC.

HEIMANN SYSTEMS CORP.

HUNTLEIGH AVIATION SERVICES CORPORATION

HUNTLEIGH USA CORP.

ICTS INTERNATIONAL NV

INVISION TECHNOLOGIES, INC.

JETBLUE

KLM, a Dutch corporation

KOREAN AIRLINES

L-3 COMMUNICATIONS CORPORATION

L-3 COMMUNICATIONS CORPORATION SECURITY AND DETECTION SYSTEMS

L-3 COMMUNICATIONS HOLDINGS, INC.

8                                                  **EXHIBIT 1**

LESLIE E. ROBERTSON ASSOCIATES

LUFTHANSA, a German corporation

MAGNUSSON KLEMENCIC ASSOCIATES

MASSACHUSETTS PORT AUTHORITY

METROPOLITAN WASHINGTON AIRPORT AUTHORITY

MIDWEST EXPRESS AIRLINES

MINORU YAMASAKI ASSOCIATES

NATIONAL AIRLINES

NORTHWEST AIRLINES

PAN AMERICAN AIRWAYS

PINKERTON'S, INC.

PORT AUTHORITY OF NEW YORK & NEW JERSEY

QANTAS AIRWAYS LIMITED

QUANTUM MAGNETICS, INC.

SAUDI ARABIAN AIRLINES, a Saudi Arabian corporation

SCANDINAVIAN AIRLINES SYSTEM, SAS, a Swedish corporation

SECURICOR PLC

SECURITAS AB

SILVERSTEIN PROPERTIES, INC.

SKILLING WARD MAGNUSSON

SWISS, a Swiss corporation

SWISSAIR TRANSPORT COMPANY

TACA INTERNATIONAL AIRLINES, an El Salvador corporation

**EXHIBIT 1**

TEM ENTERPRISES d/b/a CASINO EXPRESS

THE BOEING COMPANY

TISHMAN REALTY & CONSTRUCTION CO., INC.

UAL CORPORATION

UNITED AIR LINES, INC.

US AIRWAYS, INC.

VIRGIN ATLANTIC AIRWAYS LTD, a United Kingdom corporation

WORLD TRADE CENTER PROPERTIES LLC

**EXHIBIT 1**

NYOFFICE 680314v.1